# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA A. D'ANDRE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 4117 |
| | ) | |
| v. | ) | Judge Nordberg |
| | ) | |
| THEODORE J. PRIESTER and | ) | Magistrate Judge Cole |
| PRIESTER & SHIE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The defendant, Theodore Priester, has issued two subpoenas for documents to the law firm of Karbal, Cohen, Economu, Silk and Dunne (the "Karbal firm"), and to attorney Ann I-Pin Shaw. Mr. Priester is being sued for legal malpractice by the plaintiff for failing to alert the plaintiff to a legal malpractice claim she purportedly had against Ms. Shaw. Ms. Shaw and the Karbal firm have refused to produce documents that they contend are protected by the attorney-client privilege. Mr. Priester argues that any privilege has been waived by the plaintiff, as her claim for malpractice has placed those communications at issue.

The background of this matter – legal malpractice wrapped in legal malpractice – is a bit convoluted. We draw the facts from the plaintiff's complaint. Ms. Shaw represented the plaintiff's uncle during his estate planning. Following her uncle's death in October of 2010, plaintiff became the trustee of the Dandre Revocable Living Trust and executor of the estate. She hired Ms. Shaw to handle things. The plaintiff ended up being disappointed with the manner ins which Ms. Shaw did her job, especially in connection with the disposition of her uncle's condominium in Chicago.

The plaintiff was to inherit the condo, but because Ms. Shaw failed to revoke a previous trust, the condo passed to another individual.

The plaintiff hired Mr. Priester in February 2011 to take a look at things. He explained to plaintiff that she did not end up inheriting the condo. Plaintiff asked Mr. Priester whether she might have some sort of recourse against Ms. Shaw, but he ignored her inquiry, focusing on negotiations with the individual who did inherit the condo. Eventually, in April 2011, Mr. Priester informed plaintiff that he didn't think she had a malpractice claim against Ms. Shaw.

After that, plaintiff retained different counsel to negotiate with the condo owner, but those negotiations fell through. She then sued Ms. Shaw for negligence and fraud. Ms. Shaw engaged the Karbal firm to represent her in that matter. The court found that the statute of limitations on the negligence claim expired in June 2011. The case eventually settled and was dismissed. The plaintiff is now suing Mr. Priester, basically claiming that because he failed to let her know about the statute of limitations, she lost her negligence claim against Ms. Shaw.

Mr. Priester's subpoenas to Ms. Shaw and the Karbal firm seek "all documents relating to [plaintiff], all documents relating to the representation of [plaintiff], and any documents relating to any litigation involving [plaintiff]." Mr. Priester and the subpoena respondents went back and forth a couple of times over this, but there are still a number of documents at issue. Specifically, they are documents from Ms. Shaw's files, covering her representation of plaintiff's uncle in 2001 and 2007. (Dkt. #27, at 4-5).[1]

---

[1] Mr. Priester lists a more extensive set of documents as remaining at issue in his motion to compel which includes the Karbal firm's file covering its representation of Ms. Shaw in the plaintiff's suit against her. (Dkt. # 23, at Ex.C). Of course, the plaintiff is in no position to waive the privilege that exists between Ms. Shaw and her counsel. But the subpoena respondents ignore this privilege log and confine their
(continued...)

Clearly, the documents from 2001 and 2007 predate Ms. Shaw's representation of the plaintiff – which began in October of 2010 – and pertain to her estate planning when she was plaintiff's uncle's attorney. And so, the subpoena respondents argue that they are either outside the scope of the subpoena[2] or protected by the attorney-client privilege or the work product doctrine. Under Fed. R.Civ.P. 45(e)(2)(A), a privilege log has to describe a document specifically enough that a determination can be made as to whether it qualifies as privileged. *See also Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612, 623 (7th Cir. 2010)(discussing identical rule pertaining to parties' privilege claims, Fed.R.Civ.P. 26(b)(5)(A)). While the privilege log does not specifically state that they are communications between plaintiff's uncle and Ms. Shaw, they need only be attorney notes that rest on confidential information obtained from the client or that would reveal the substance of a confidential communication by the client. *Rehling v. City of Chicago*, 207 F.3d 1009,

---

[1](...continued)
objections and response brief to a much smaller set, which is Ms. Shaw's file pertaining to her representation of plaintiff's uncle. (Dkt. # 27, at 4-5). Oddly, they assert that Mr. Priester has not made a follow-up request for these documents, but he clearly has put them at issue in his motion to compel with its Exhibit C. Beyond that, the subpoena respondents merely claim any other documents are outside the scope of the subpoena and irrelevant, without any further amplification. The privilege log Mr. Priester attaches as Exhibit C to his motion, in large part, does not even comply with Fed.R.Civ.P. 45(e)(2)(A), *see infra* at INSERT, describing many documents tersely as "email" or letter."

As the subpoena respondents fail to interpose any supported and developed objections to the production of the documents not listed at pages 4 and 5 of their response brief, those other documents must be produced. *See United States v. Hassebrock,* 663 F.3d 906, 914 (7th Cir.2011)("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."); *Mahaffey v. Ramos,* 588 F.3d 1142, 1146 (7th Cir.2009) (same); *Fudali v. Napolitano*, 283 F.R.D. 400, 403 (N.D.Ill. 2012)(generic, unexplained, boilerplate objections are insufficient (collecting cases)). The court is not responsible for making arguments on behalf of the subpoena respondents. *Tyler v. Runyon,* 70 F.3d 458, 466 (7th Cir.1995) ("This court has no duty to research and construct legal arguments available to a party."); *Dal Pozzo v. Basic Machinery Co., Inc*., 463 F.3d 609, 613-14 (7th Cir. 2006)("An advocate's job is to make it easy for the court to rule in his client's favor . . . .").

[2] Obviously, documents from other cases (Shaw 164) or dealing with healthcare power of attorney or the decedent's wishes that his remains be cremated (Shaw 165-68, 190-204, 216-17, 291-98, 211-14, 338-346) are irrelevant and outside the scope of the subpoenas.

3

1019 (7th Cir. 2000).

Some of the descriptions are sketchy, but they are barely enough to show that the documents likely reveal confidential communications. There is, after all, always the fine line between revealing too much in a description and not enough. The one exception would be a document that is described simply as "Envelope." There is no way to tell what this might be. Are there notes on the envelope or merely an address? Does it contain anything and if so what? The subpoena respondents have failed to adequately describe it to allow for a determination and so, it must be produced.

The more salient issue here, however, is waiver. The subpoena respondents rely on *Adler v. Greenfield*, 990 N.E.2d 1219, 1234 (1st Dist. 2013), where the court said it was "well established, . . . that the attorney-client privilege survives the death of the client." 990 N.E.2d at 1234; *see also DeHart v. DeHart*, 986 N.E.2d 85, 105, 369 Ill.Dec. 136, 156 (2013). There are limited exceptions, as in the case of a will contest. *DeHart*, 986 N.E.2d at 105, 369 Ill.Dec. at 156; *Adler*, 990 N.E.2d at 1234. "'The rationale behind this limited exception to the privilege is that a decedent would (if one could ask him) forgo the privilege so that the distribution scheme he actually intended can be given effect.'" *DeHart*, 986 N.E.2d at 105 (quotation omitted). The party seeking disclosure has the burden of establishing that the privilege does not apply." *DeHart*, 986 N.E.2d at 105-06. In this, Mr. Priester doesn't fare well.

The plaintiff's claim against Mr. Priester is not a will-contest. Plaintiff's claim is that Mr. Priester didn't inform her of a potential malpractice claim she had against Ms. Shaw or that the statute of limitations for such a claim was going to expire. In *Adler*, the decedent's beneficiaries brought a claim for malpractice against the decedent's estate planning attorneys and sought the pertinent records in discovery. The court held they were privileged, and that the privilege belonged

to the decedent and not the beneficiaries or the decedent's attorneys. Consequently, neither the beneficiaries nor the attorneys could waive it even thought the communications were arguably at issue in the malpractice case. 990 N.E.2d at 1234-36, 371 Ill.Dec. at 856-58. The court also specifically held that the exception did not apply because the malpractice action was decidedly not a will contest; the decedent's estate was not even a party. 990 N.E.2d at 1234-35, 371 Ill.Dec. at 856-57.

As such, Mr. Priester's argument that plaintiff waived the privilege by putting her communications with Ms. Shaw at issue in this case does not hold water. First of all, the communications reflected in the documents at issue – from 2001 and 2007, long before the plaintiff hired Ms. Shaw – are between Ms. Shaw and the plaintiff's uncle and the privilege is not the plaintiff's to waive. The cases Mr. Priester cites do not begin to suggest otherwise. *See Shapo v. Tires 'N Tracks, Inc.*, 336 Ill.App.3d 387, 384, 782 N.E.2d 813, 819 (Dist. 2002)(by placing former attorney's authority to settle suit at issue, defendant waived *its* privilege as to *its* communications with them); *Pyramid Controls, Inc. v. Siemens Indus. Automations, Inc.*, 176 F.R.D. 269, 274-75 (N.D.Ill. 1997)(plaintiff waived privilege as to *its* communications with former counsel by placing when *its* counsel informed *it* of its claim at issue); *Armour Intern. Co. v. Worldwide Cosmetics, Inc.*, 689 F.2d 134, 135 (7th Cir. 1982)(Illinois' accountant-client privilege did not apply to accountant not registered in Illinois, when the work was done in Japan, was not done for an Illinois client, and where the client waived any privilege that might have applied).[3]

---

[3] It's difficult to see why Mr. Priester cited this case. Ms. Shaw is an Illinois attorney (Dkt. # 23-1), plaintiff's uncle was an Illinois resident disposing of a Chicago condominium, and the plaintiff is, at least, a part-time Illinois resident. Moreover, it is not as though the attorney-client privilege is a local curiosity of Illinois law as the *Armor Intern.* Court suggested the accountant-client privilege was over thirty years ago.
(continued...)

Beyond that, Mr. Priester wagers all on the Seventh Circuit's decision in *Ennenga v. Starns*, 677 F.3d 766 (7th Cir. 2012). In *Ennenga*, the beneficiaries of a testator's estate brought a malpractice action against the attorneys who drafted the estate planning documents, arguing that they had not reflected the testator's intent. Mr. Priester points out that, in that case, the court admitted attorney-client correspondence and attorney notes and records to determine the testator's intent. But the attorney-client privilege and its waiver was never an issue in that case. The court does not mention it at all. Mr. Priester's roll of the *Ennegna* dice comes up craps.

That leaves a few documents that the subpoena respondents claim are covered only by the work product doctrine. The first of these are described as "file folder labels." That description falls far short of one that enables a court or a party to assess whether the item qualifies as work product. Fed.R.Civ.P. 26(b)(5)(A); *Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612, 623 (7th Cir. 2010). It may well be that folders were labeled as a part of the preparation for litigation – in this instance, probate – but it seems highly unlikely that the labels qualify as the type of materials the doctrine is intended to protect from discovery. Courts have variously described such materials as reflecting an attorneys' mental processes in evaluating communications with their client, *Upjohn Co. v. U.S.*, 449 U.S. 383, 401 (1981), or a lawyer's thoughts and strategies about that litigation. *Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 768 (7th Cir. 2006). The description "File Folder Labels" simply does not cut it.

---

[3](...continued)
689 F.2d at 135-36. Unfathomably, Mr. Priester claims that this case stands for the general proposition that federal courts will reject the application of a state law a state-law privilege in favor of admitting evidence. (Dkt. # 30, at 5).

The remaining documents are described as "Notes on estate planning (including healthcare planning) for Amedeo Dandre." Clearly, an attorney's thoughts about planning a client's estate qualify as work product. Because Mr. Priester does not demonstrate any "substantial need" for these documents, Fed.R.Civ.P. 26(b)(3)(A), he is not entitled to them.

**CONCLUSION**

For the foregoing reasons, the defendant's motion to compel compliance with subpoenas is DENIED in part and GRANTED in part. Respondents must produce the documents described as Envelope (Shaw 188-89), File Folder Labels (Shaw 111, 302) and those documents remaining in issue not addressed in their brief.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 4/14/2014